# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

|  |  |
|---|---|
| AMERICAN PATENTS LLC, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 6:20-cv-742 |
| ROKU, INC., | ) |
| Defendant. | ) |

## DEFENDANT ROKU, INC.'S
## PARTIAL MOTION TO DISMISS
## UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

OF COUNSEL:

Andrew N. Thomases (*pro hac vice*)
Shrut Kirti, Ph.D. (*pro hac vice*)
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
(650) 617-4090
andrew.thomases@ropesgray.com
shrut.kirti@ropesgray.com

David N. Deaconson
Texas Card Bar #05673400
Pakis, Giotes, Page & Burleson, P.C.
P.O. Box 58
Waco, TX  76703
(254) 297-7300
deaconson@pakislaw.com

*Attorneys for Defendant Roku, Inc.*

November 2, 2020

## TABLE OF CONTENTS

Page

I.   NATURE AND STAGE OF THE PROCEEDINGS ...................................... 1
II.  SUMMARY OF ARGUMENT ................................................................... 1
III. STATEMENT OF FACTS ........................................................................... 2
IV.  LEGAL STANDARD .................................................................................. 4
V.   THE COMPLAINT MUST BE DISMISSED WITH RESPECT TO THE
     '803 PATENT ................................................................................................ 5
     A.  AP Failed to Sufficiently Plead Direct Infringement .......................... 5
     B.  AP Failed to Sufficiently Plead Induced Infringement ....................... 6
     C.  AP Failed to Sufficiently Plead Contributory Infringement ............. 10
     D.  AP Failed to Sufficiently Plead Willful Infringement ...................... 12
VI.  CONCLUSION ........................................................................................ 155

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguirre v. Powerchute Sports LLC*,
   No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex.
   June 17, 2011) ...................................................................................................6

*Affinity Labs of Tex., LLC v. Blackberry Ltd.*,
   No. W:13-CV-362, 2014 WL 12551207 (W.D. Tex. Apr. 30, 2014) ..................8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................*passim*

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)......................................................................................4, 11

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) .........................................................................10

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015).............................................................................6, 9, 10

*Finjan, Inc., v. Cisco Sys., Inc.*,
   No. 17-cv-072-BLF, 2017 WL 2462423 (N.D. Cal. June 7, 2017)..............13, 14

*Frac Shack Inc. v. Alaska Fuel Distributors Inc.*,
   7:19-cv-00026, 2019 WL 3818048 (WDTX Jun. 13, 2019) ...............................6

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010) .........................................................................10

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011)............................................................................................7

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
   897 F.2d 508 (Fed. Cir. 1990) ...........................................................................13

*Halo Elecs, Inc. v. Pulse Elecs, Inc.*,
   136 S. Ct. 1923 (2016)..................................................................2, 12, 13, 14

*Inhale, Inc v. Gravitron, LLC*,
   No. 1-18-CV-762-LY, 2018 WL 7324886 (W.D. Tex. Dec. 10,
   2018) ................................................................................................................. 13

*Iron Oak Techs., LLC v. Acer America Corp. et al.*,
   No. 6:17-cv-00143-RP-JCM, 2017 WL 9477677 (W.D. Tex. Nov.
   28, 2017) ........................................................................................................... 11

*Kearns v. Chrysler Corp.*,
   32 F.3d 1541 (Fed. Cir. 1994) ............................................................. 1, 5, 11, 13

*LoganTree LP v. Omron Healthcare, Inc.*,
   No. CV 18-1617 (MN), 2019 WL 4538730 (D. Del. Sept. 19,
   2019) ................................................................................................................... 6

*Matthews International Corp. v. Biosafe Engineering, LLC*,
   695 F.3d 1322 (Fed. Cir. 2012) ........................................................................... 5

*Nalco Co. v. Chem-Mod, LLC*,
   883 F.3d 1337 (Fed. Cir. 2018) ........................................................................... 6

*Personal Care Products, Inc. v. Hawkins*,
   A-07-CA-1020 LY, 20019 WL 2406253 (W.D. Tex. Aug. 3, 2009) .................... 5

*VLSI Tech. LLC v. Intel Corp.*,
   C.A. No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019) ................... 8

*VLSI Techn. LLC v. Intel Corp.*,
   No. 6-19-cv-00254-ADA, Dkt. 52 (W.D. Tex. Aug. 06, 2019) ........................... 8

*WBIP, LLC v. Kohler Co.*,
   829 F.3d 1317 (Fed. Cir. 2016) ................................................................... 12, 13

*WesternGeco LLC v. ION Geophysical Corp.*,
   837 F.3d 1358 (Fed. Cir. 2016) ......................................................................... 12

**Statutes**

35 U.S.C. § 271(c) ................................................................................................... 11

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ............................................................ 1, 4

## I. NATURE AND STAGE OF THE PROCEEDINGS

On August 14, 2020, American Patents, LLC ("Plaintiff" or "AP") filed a complaint (D.I. 1, "Complaint"), alleging that defendant Roku, Inc. ("Defendant" or "Roku") directly and indirectly infringes claims of U.S. Patent Nos. 7,088,782 ("'708 patent"); 7,310,304 ("'304 patent"); 7,706,458 ("'458 patent"); and 6,847,803 ("'803 patent") (collectively, "Asserted Patents").  The Court granted an unopposed motion to extend the time for Roku to respond to the Complaint to November 2, 2020.  D.I. 14.  Roku hereby moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint as to the expired '803 patent for failure to state a claim.

## II. SUMMARY OF ARGUMENT

The '803 patent expired on or before February 25, 2020, before the Complaint was filed.  This basic fact leads to at least three grounds as to why this Complaint should be dismissed with respect to the '803 patent.

First, there can be no infringement once the patent expires.  *Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1550 (Fed. Cir. 1994).  However, the Complaint is rife with allegations based on the present tense – namely, that Roku is presently and will continue to infringe claim 1 of the '803 patent directly, indirectly, and willfully.  These allegations are not supported by the law and, thus, are facially implausible and not sufficiently pled under *Iqbal/Twombly*.

Second, the Complaint's allegations of indirect and willful infringement are fatally flawed for an additional reason – the Complaint fails to allege facts supporting a plausible inference that Roku had any actual or direct knowledge of the '803 patent before it expired. Instead, the Complaint alleges that Roku has been willfully blind of the '803 patent based on a purported policy of not reviewing patents in general. However, even if true (it is not), such an unsupported allegation fails to establish indirect infringement or willful infringement as a matter of law and cannot meet the standard for willful blindness – namely, that there existed, prior to expiration, both a subjective belief that there is a high probability of patent infringement and deliberate actions to avoid learning of that particular fact.

Third, the Complaint is further deficient for the independent reasons that it does not allege facts sufficient to establish that (1) Roku's accused products have no substantial non-infringing uses, as needed to maintain a contributory infringement claim, and (2) Roku engaged in any type of egregious conduct needed for maintaining a willfulness claim under the Supreme Court's ruling in *Halo Elecs, Inc. v. Pulse Elecs, Inc.*, 136 S. Ct. 1923, 1935-36 (2016).

## III. STATEMENT OF FACTS

AP's Complaint alleges that Roku infringes the Asserted Patents, and includes allegations of direct, induced, contributory, and willful infringement of all asserted patents. *See* Complaint ¶¶ 62-88. The '803 patent expired no later than February

25, 2020 (*see* Ex. A), before the Complaint was filed on August 14, 2020. Nevertheless, the Complaint contains allegations that Roku presently infringes and will continue to infringe the '803 patent.  Complaint ¶¶ 66, 77 ("inducement is ongoing), ¶¶ 63, 73, 80 ("infringes"), ¶ 82 (contributory infringement is ongoing), ¶ 88 (infringement "continues to be willful").

Additionally, the Complaint alleges induced infringement of the '803 patent based on the fact that Roku "took active steps" including "advising or directing its customers" to use accused products in a manner that allegedly infringes through "advertising" and/or "distributing instructions" with "the knowledge of" the '803 patent "and with the knowledge that the induced acts constitute infringement." *See* Complaint ¶¶ 63-65.  However, there is no allegation in the Complaint that AP gave Roku any notice of the '803 patent prior to its expiration.  Instead, the sole conclusory allegation suggesting that Roku had any knowledge of the '803 patent is based on an alleged "policy or practice of not reviewing the patents of others" and thus being "willfully blind." *See* Complaint ¶ 83.  No facts are cited to support this allegation.  The Complaint pleads no other facts suggesting that Roku had any knowledge or notice of the '803 patent—let alone knowledge of infringement thereof.

The Complaint alleges contributory infringement alleging that the "accused products have special features" including "improved wireless communication

capabilities" that "are specially designed to be used in an infringing way and that have no substantial non-infringing uses." *See* Complaint ¶¶ 79-81.  The Complaint contains no allegations that AP provided Roku with knowledge of the '803 patent prior to its expiration.

Similarly, despite expiration of the '803 patent nearly six months prior to the filing of this suit, the Complaint alleges that Roku's direct and indirect infringement "continues to be willful, intentional, deliberate, and/or in conscious disregard" of the '803 patent.  *See* Complaint ¶ 88.

## IV.   LEGAL STANDARD

A complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it "fail[s] to state a claim upon which relief can be granted."  The complaint must include more than "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  It must set forth facts that, if true, "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citation and quotations omitted).  However, a court is not obligated to accept as true

"bald assertions," *Matthews International Corp. v. Biosafe Engineering, LLC*, 695 F.3d 1322 (Fed. Cir. 2012), or "unsupported conclusions, unwarranted inferences or deductions," *Personal Care Products, Inc. v. Hawkins*, A-07-CA-1020 LY, 2009 WL 2406253 at *9 (W.D. Tex. Aug. 3, 2009) (quotations omitted).

## V.   THE COMPLAINT MUST BE DISMISSED WITH RESPECT TO THE '803 PATENT

AP's allegations of direct, induced, contributory, and willful infringement of the '803 patent are insufficiently pled and should be dismissed for at least the following reasons.

### A.   AP Failed to Sufficiently Plead Direct Infringement

With respect to the '803 patent, the Complaint alleges that Roku "infringes," Roku's infringement is "ongoing," and that Roku's infringement "continues to be willful." Complaint ¶¶ 66, 77, 80, 82, 88. These allegations are self-evidently implausible because the '803 patent expired on or before February 25, 2020, before the Complaint was filed. *See Iqbal*, 556 U.S. at 678. Roku cannot infringe an expired patent. *Kearns*, 32 F.3d 1550 ("Because the rights flowing from a patent exist only for the term of the patent, there can be no infringement once the patent expires."). Therefore, AP's allegations are facially implausible and not sufficiently pled under *Iqbal/Twombly*.

## B.     AP Failed to Sufficiently Plead Induced Infringement

AP's induced infringement claims must be dismissed because AP failed to plead any facts supporting the alleged knowledge required for its claims of induced infringement of the '803 Patent. To plead a claim of induced infringement, AP must allege specific facts that Roku had "knowledge of the patent in suit" and knowledge that it would cause a third party to infringe. *See Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *accord Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018); *see also Frac Shack Inc. v. Alaska Fuel Distributors Inc.*, 7:19-cv-00026, WL 3818048 (WDTX Jun. 13, 2019 Order) (holding induced infringement requires knowledge of the patent in suit and knowledge of patent infringement). The Complaint must plead that the accused infringer had the requisite knowledge before the asserted patent expired. *See LoganTree LP v. Omron Healthcare, Inc.*, No. CV 18-1617 (MN), 2019 WL 4538730, at *4 (D. Del. Sept. 19, 2019) (granting motion to dismiss indirect infringement claims where Plaintiff "failed to plead in its Complaint that [Defendant] had knowledge of the [asserted patent] prior to its expiration"); *see also Aguirre v. Powerchute Sports LLC,* No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) ("To the extent [plaintiff] relies on knowledge of [plaintiff's] patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect

infringement."). AP failed to sufficiently plead the requisite ***pre-expiration*** knowledge.

***First***, the Complaint does not plead sufficient facts showing that Roku had knowledge of the '803 patent before it expired. The '803 patent expired on or before February 25, 2020, nearly six months before AP filed its Complaint on August 14, 2020. *See* D.I. 1; Ex. A. The Complaint pleads that Roku "has a policy or practice of not reviewing the patents of others . . . and, thus has been willfully blind of American Patents' patents rights." *See* Complaint ¶ 83. AP does not plead any other facts suggesting that Roku had any knowledge of the patent prior to its expiration. Knowledge based on willful blindness, however, exists only where "(1) the defendant . . . subjectively believe[d] that there [was] a high probability that a fact exists and (2) the defendant . . . [took] deliberate actions to avoid learning of that fact." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011). The Complaint here fails to allege facts that would meet this standard. Unlike the facts in *Global-Tech Appliances* where the defendant copied plaintiff's design for a deep fryer and retained an attorney to conduct a right-to-use study without telling the attorney that its design was copied, the Complaint here pleads no allegation from which it could be plausibly inferred that Roku subjectively believed that there was a high probability that the '803 patent existed. Even if AP had alleged that Roku was aware of AP's patent portfolio (which is not the case), such an allegation would have

not been enough. Courts in this District have recognized that awareness of a plaintiff's patent portfolio is not sufficient to support a willful blindness claim. *Affinity Labs of Tex., LLC v. Blackberry Ltd.*, No. W:13-CV-362, 2014 WL 12551207, at *3 (W.D. Tex. Apr. 30, 2014) (citing *Global-Tech Appliances* and holding "the defendant's awareness of a plaintiff's patent portfolio is not enough to support a willful blindness claim to defeat a motion to dismiss.") ; *see also VLSI Techn. LLC v. Intel Corp.*, No. 6-19-cv-00254-ADA, Dkt. 52 (W.D. Tex. Aug. 06, 2019) ("The Court finds that Intel's policy that forbids its employees from reading patents held by outside companies or individuals is insufficient to meet the test of willful blindness."). Nor does AP offer any evidence or factual basis, such as a published Roku corporate policy, that Roku took deliberate actions to avoid learning that the '803 patent existed. Thus, there is no basis from which to conclude that Roku was willfully blind to the '803 patent's existence. For this reason alone, AP's induced infringement claims should be dismissed.

**Second**, the Complaint does not plead any facts showing that Roku had knowledge of any alleged infringement of the '803 patent before the patent expired. Allegations in the Complaint that Roku acted with the "knowledge that the induced acts constitute infringement" are wholly conclusory. *See* Complaint ¶¶ 65, 75. Such bare assertions are insufficient. *Iqbal*, 556 U.S. at 687. Even if AP's allegation of willful blindness is correct (it is not), AP has at most alleged willful blindness to the

*existence* of the '803 patent, and not willful blindness to the *infringement* of the '803 patent. *See VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2019 WL 1349468, at *5 (D. Del. Mar. 26, 2019) (concluding that a complaint's failure to allege sufficient facts as to why a defendant was willfully blind to its infringement of the patents-in-suit provided an independent basis to dismiss willful infringement allegations, even if the complaint had sufficiently alleged that the defendant was willfully blind to the existence of those patents). Merely identifying the existence of the '803 patent, without **any** allegations of Roku's purported knowledge that the allegedly induced acts constitute infringement, is insufficient to plead liability for induced infringement. *See Commil*, 135 S. Ct. at 1926 (holding mere "knowledge of the patent" insufficient for inducement because "liability for induced infringement can only attach if the defendant knew of the patent and knew as well that the induced acts constitute patent infringement.").

Thus, the Complaint fails to plead any facts showing (1) alleged knowledge of the '803 patent before it expired, and (2) alleged knowledge of any alleged induced acts that would constitute infringement prior to the patent's expiration. Accordingly, the Complaint fails to plead the elements required for induced infringement with respect to the '803 patent; thus, those allegations and any requested relief based on those allegations should be dismissed.

## C. AP Failed to Sufficiently Plead Contributory Infringement

Contributory infringement requires the following elements: (1) the accused contributory infringer have knowledge of the patent; (2) the accused contributory infringer have knowledge of patent infringement by a third party; (3) that a component provided by the accused contributory infringer has no substantial non-infringing uses; and (4) that the component be a material part of the invention. *See Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010); *see also Commil*, 135 S. Ct. at 1926 ("contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."); *see also In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (holding that, to state a claim for contributory infringement, "a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses").

To sustain its claim for contributory infringement, as a threshold matter, AP must allege facts sufficient to plausibly infer that, among other things, Roku knew of the '803 patent prior to its expiration. *Commil*, 135 S. Ct. at 1926. AP fails to do so here for the same reasons that it cannot establish pre-expiration knowledge of the '803 patent for induced infringement. *See* § V.B. Moreover, AP failed to allege that a third party infringed the '803 patent before its expiration or that Roku knew of

such infringement. *Id.* For these independent reasons, AP's allegations of contributory infringement as to the '803 patent should be dismissed.

Furthermore, AP alleges that Roku's products have "special features include[ing] improved wireless communication capabilities used in a manner that *infringes* the . . . '803 Patent," that "Roku's contributory infringement is *ongoing*," and that Roku's "indirect infringement . . . *continues*." Complaint ¶¶ 80, 82, 88 (emphasis added). This is self-evidently implausible – Roku cannot infringe an expired patent. *Kearns*, 32 F.3d 1541, 1550 (Fed. Cir. 1994); *see also Iqbal*, 556 U.S. at 678.

AP's remaining contributory infringement allegations based on no substantial non-infringing uses as to Count IV are a wholly conclusory "formulaic recitation of the elements of a cause of action" insufficient to sustain its claim. *See Twombly*, 550 U.S. at 555. AP's allegations that the "accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the . . . '803 Patent" (Complaint ¶ 79) and that the "special features constitute a material part of the invention of one or more of the claims of the . . . '803 Patent and are not staple articles of commerce suitable for substantial non-infringing use" (Complaint ¶ 81) are boilerplate representations lacking any factual support that Roku's products have no non-infringing uses. As bare legal conclusions parroting the 35 U.S.C. § 271(c) legal

standard, they should be disregarded. AP's allegations are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 687; *see also Iron Oak Techs., LLC v. Acer America Corp. et al.*, No. 6:17-cv-00143-RP-JCM, 2017 WL 9477677, at *7 (W.D. Tex. Nov. 28, 2017) (recommending dismissal of "threadbare" contributory infringement claims that failed to show "enough factual matter"). Indeed, Roku's products are capable of non-infringing uses that do not rely on wireless communication, *e.g.*, stream content over an Ethernet connection, play content offline via a USB port or an SD card. Accordingly, for this additional reason, AP's allegations of contributory infringement with respect to the '803 patent are insufficient and should be dismissed.

### D. AP Failed to Sufficiently Plead Willful Infringement

To sufficiently state a claim of willful infringement, "[k]nowledge of the patent alleged to be willfully infringed [is] a prerequisite." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016); *see also Halo*, 136 S. Ct. at 1933 (2016) ("knowledge of the actor at the time of the challenged conduct" must be assessed). But knowledge of the patent itself is not enough. Rather, to support a claim of willfulness warranting enhanced damages, a plaintiff must show that a defendant's conduct was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant or—indeed—characteristic of a pirate." *Halo*, 136 S. Ct. at 1932; *see also WesternGeco LLC v. ION Geophysical Corp.* 837 F.3d 1358, 1362 (Fed.

Cir. 2016). Accordingly, after *Halo*, courts routinely dismiss willful infringement claims when the plaintiff fails to allege facts that "support a plausible inference that [the alleged infringer] engaged in 'egregious' conduct that would warrant enhanced damages . . . ." *See, e.g., Finjan, Inc., v. Cisco Sys., Inc.*, No. 17-cv-072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017).

To sustain its claim for willful infringement, as a threshold matter, AP must allege facts sufficient to plausibly infer that, among other things, Roku knew of the '803 patent. *WBIP*, 829 F.3d 1317, 1341. AP fails to do so here for the same reasons that it cannot establish pre-expiration knowledge of the '803 patent for induced infringement. *See* § V.B. Under settled Federal Circuit law, "a party cannot be found to have 'willfully' infringed a patent of which the party had no knowledge." *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990); *see also Inhale, Inc v. Gravitron, LLC*, No. 1-18-CV-762-LY, 2018 WL 7324886, at *3 (W.D. Tex. Dec. 10, 2018) (dismissing willful infringement claims because the "complaint fails to allege facts raising a reasonable inference of pre-suit knowledge of the [asserted patent]").

In addition, AP's willfulness claim fails for the independent reason that AP has failed to sufficiently plead egregious misconduct required under *Halo*. The Complaint alleges that "Roku's actions are at least objectively reckless as to the risk of infringing valid patents and this objective risk was either known or should have

been known by Roku" and that "Roku's indirect infringement . . . continues[1] to be willful, intentional, deliberate . . . ." Complaint ¶¶ 84, 88. These allegations are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 687. The Complaint contains no specific factual allegations with respect to egregious conduct, and therefore cannot sufficiently articulate how any of Roku's actions amount to an "egregious" case of infringement. *See generally* Complaint; *see also Halo*, 136 S. Ct. at 1932.

AP can muster no support for its allegations that Roku had actual knowledge of the '803 Patent, or that Roku's actions or inactions constitute "egregious" misconduct rising above ordinary business operations, especially because the '803 patent expired before AP provided any notice of infringement to Roku. Accordingly, AP fails to state a claim for willful infringement with respect to the '803 patent. *Finjan*, 2017 WL 2462423 at *5 ("[B]ecause Finjan has failed to make sufficient factual allegations that it had pre-suit knowledge of the Asserted Patents or that [defendant's] behavior was 'egregious . . . beyond typical infringement,' it has failed to state a claim for willful infringement.").

---

[1] Again, this is self-evidently implausible – Roku cannot presently willfully infringe an expired patent. *Kearns*, 32 F.3d 1541, 1550 (Fed. Cir. 1994); *see also Iqbal*, 556 U.S. at 678.

{ROKUIN/00003/00503392}                    -14-

## VI. CONCLUSION

For the reasons stated above, Roku respectfully requests that AP's claims for direct, induced, contributory, and willful infringement with respect to the '803 patent be dismissed with prejudice.

Date: November 2, 2020

/s/ *David N. Deaconson*
David N. Deaconson
Texas Card Bar #05673400
Pakis, Giotes, Page & Burleson, P.C.
P.O. Box 58
Waco, TX  76703
(254) 297-7300
deaconson@pakislaw.com

Andrew N. Thomases (*pro hac vice*)
Shrut Kirti, Ph.D. (*pro hac vice*)
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
(650) 617-4090
andrew.thomases@ropesgray.com
shrut.kirti@ropesgray.com

*Attorneys for Defendant Roku, Inc.*

# **CERTIFICATE OF SERVICE**

      I hereby certify that on November 2, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Texas, Waco Division, via the CM/ECF system, which will send a notice of filing to all counsel of record who have consented to service by electronic means.

      I further certify that I caused copies of the foregoing document to be served on November 2, 2020, upon the following in the manner indicated:

| | |
|---|---|
| Matthew J. Antonelli<br>matt@ahtlawfirm.com<br>Zachariah S. Harrington<br>zac@ahtlawfirm.com<br>Larry D. Thompson, Jr.<br>larry@ahtlawfirm.com<br>Christopher Ryan Pinckney<br>ryan@ahtlawfirm.com<br>ANTONELLI, HARRINGTON<br>& THOMPSON LLP<br>4306 Yoakum Blvd., Ste. 450<br>Houston, TX 77006<br>(713) 581-3000 | *VIA ELECTRONIC MAIL* |
| Stafford Davis<br>sdavis@stafforddavisfirm.com<br>Catherine Bartles<br>cbartles@stafforddavisfirm.com<br>THE STAFFORD DAVIS FIRM<br>815 South Broadway Avenue<br>Tyler, Texas 75701<br>(903) 593-7000<br>(903) 705-7369 fax | *VIA ELECTRONIC MAIL* |

Attorneys for American Patents LLC

                                                                     */s/ David N. Deaconson*
                                                                       David N. Deaconson