**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| AMERICAN PATENTS LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 6:20-cv-742-ADA |
| ROKU, INC., | ) | **Jury Trial Demanded** |
| Defendant. | ) | |

**ROKU'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Roku, Inc., hereby submits its Answer to Plaintiff's First Amended Complaint (Dkt. 19, "Amended Complaint"). Except as otherwise admitted in this Answer, Roku denies each and every allegation in the Amended Complaint. Any factual allegation below is admitted only as to the specific admitted facts and not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted fact(s). Roku further denies that American Patents ("AP") is entitled to the relief requested or any other relief.

**PARTIES**

1. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

2. Admitted.

**JURISDICTION AND VENUE**

3. Roku admits that the Amended Complaint alleges infringement arising under various patent statutes and that this Court has subject matter jurisdiction over such actions, but

denies the Amended Complaint's infringement allegations. Roku denies the remaining allegations in this paragraph of the Amended Complaint.

4. This paragraph of the Amended Complaint sets out a legal conclusion to which no response is necessary. To the extent a response is necessary, Roku does not contest that this Court has personal jurisdiction over it for the purposes of this action only, but does not waive the right to contest personal jurisdiction in any other case or action in this District. Roku admits that it has done, and continues to do business in Texas. Roku denies the remaining allegations in this paragraph of the Amended Complaint, including any allegations of infringement.

5. This paragraph of the Amended Complaint sets out a legal conclusion to which no response is necessary. To the extent a response is necessary, Roku does not contest the propriety of venue at this time and for this action only, but does not waive the right to contest the propriety of venue in another action or to seek transfer to a more convenient forum later in this or another action. Roku denies the remaining allegations in this paragraph of the Amended Complaint, including any allegations of infringement.

## BACKGROUND

6. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

7. Roku admits that Georgia Tech is a public research university located in Atlanta, Georgia. Roku lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

8. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

9. Roku admits Nokia is a company listed on various stock exchanges. Roku lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

10. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

**COUNT I**
**[ALLEGED] DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,088,782**

11. Roku admits that the United States Patent No. 7,088,782 ("the '782 patent") is entitled "Time and Frequency Synchronization In Multi-Input, Multi-Output (MIMO) Systems" and shows as being issued by the U.S. Patent & Trademark Office ("USPTO") on August 8, 2006. The remainder of this paragraph of the Amended Complaint sets out a legal conclusion to which no response is necessary, but to the extent a response is necessary, Roku denies the remaining allegations in this paragraph of the Amended Complaint.

12. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

13. Roku admits it has used certain Roku products. Roku denies the remaining allegations in this paragraph of the Amended Complaint.

14. Denied.

15. Denied.

16. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

17. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

18. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

19. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

20. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

21. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

22. Roku admits it has had knowledge of the ’782 patent as of the date Roku received a copy of Plaintiff’s August 14, 2020 complaint. The remainder of this paragraph of the Amended Complaint sets out a legal conclusion to which no response is necessary, but to the extent a response is necessary, Roku denies the remaining allegations in this paragraph of the Amended Complaint.

23. Denied.

24. Denied.

**COUNT II**
**[ALLEGED] DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,310,304**

25. Roku admits that the United States Patent No. 7,310,304 (“the ’304 patent”) is entitled “Estimating Channel Parameters in Multi-Input, Multi-Output (MIMO) Systems” and shows as being issued by the USPTO on December 18, 2007. The remainder of this paragraph of the Amended Complaint sets out a legal conclusion to which no response is necessary, but to the extent a response is necessary, Roku denies the remaining allegations in this paragraph of the Amended Complaint.

26. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

27. Roku admits it has sold and used certain Roku products. Roku denies the remaining allegations in this paragraph of the Amended Complaint.

28. Denied.

29. Denied.

30. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

31. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

32. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

33. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

34. Roku admits it has had knowledge of the ’304 patent as of the date Roku received a copy of Plaintiff’s August 14, 2020 complaint. The remainder of this paragraph of the Amended Complaint sets out a legal conclusion to which no response is necessary, but to the extent a response is necessary, Roku denies the remaining allegations in this paragraph of the Amended Complaint.

35. Denied.

36. Denied.

## COUNT III
## [ALLEGED] DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,706,458

37. Roku admits that United States Patent No. 7,706,458 (“the ’458 patent”) is entitled “Time and Frequency Synchronization In Multi- Input, Multi-Output (MIMO) Systems” and shows as being issued by the USPTO on April 27, 2010. The remainder of this paragraph of the Amended

Complaint sets out a legal conclusion to which no response is necessary, but to the extent a response is necessary, Roku denies the remaining allegations in this paragraph of the Amended Complaint.

38. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

39. Roku admits it has sold and used certain Roku products. Roku denies the remaining allegations in this paragraph of the Amended Complaint.

40. Denied.

41. Denied.

42. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

43. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

44. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

45. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

46. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

47. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

48. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

49. Roku admits it has had knowledge of the ’458 patent as of the date Roku received a copy of Plaintiff’s August 14, 2020 complaint. The remainder of this paragraph of the Amended

Complaint sets out a legal conclusion to which no response is necessary, but to the extent a response is necessary, Roku denies the remaining allegations in this paragraph of the Amended Complaint.

50. Denied.

51. Denied.

**COUNT IV**
**[ALLEGED] DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,847,803**

52. Roku admits that the United States Patent No. 6,847,803 ("the '803 patent") is entitled "Method for Reducing Interference in a Receiver" and shows as being issued by the USPTO on January 25, 2005. The remainder of this paragraph of the Amended Complaint sets out a legal conclusion to which no response is necessary, but to the extent a response is necessary, Roku denies the remaining allegations in this paragraph of the Amended Complaint.

53. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

54. Roku admits it has sold and used certain Roku products. Roku denies the remaining allegations in this paragraph of the Amended Complaint.

55. Denied.

56. Denied.

57. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

58. Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

59. Denied.

60. Denied.

**ADDITIONAL ALLEGATIONS REGARDING [ALLEGED] INFRINGEMENT**

61. Roku repeats and realleges, as if fully set forth herein, its responses to the allegations in Paragraphs 1 through 60 of the Amended Complaint. Roku admits that the Amended Complaint purports to accuse of infringement the products identified in this paragraph of the Amended Complaint, but denies the Amended Complaint's allegations of infringement.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. The allegations are too vague to be understood and Roku therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in this paragraph of the Amended Complaint, and therefore denies the same..

69. This paragraph of the Amended Complaint sets out a legal conclusion to which no response is necessary. To the extent a response is necessary, Roku admits that it sells certain Roku products in the United States. Roku denies the remaining allegations in this paragraph of the Amended Complaint.

70. This paragraph of the Amended Complaint sets out a legal conclusion to which no response is necessary. To the extent a response is necessary, Roku admits that it sells certain Roku products in the United States. Roku denies the remaining allegations in this paragraph of the Amended Complaint.

71. Denied.

72. This paragraph of the Amended Complaint sets out a legal conclusion to which no response is necessary. To the extent a response is necessary, Roku admits that certain Roku products are available for purchase in the United States. Roku denies the remaining allegations in this paragraph of the Amended Complaint.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Roku admits to becoming aware of the ’782, ’304, ’458, and ’803 patents (“the Asserted Patents”) through service of Plaintiff’s August 14, 2020 complaint. Roku denies the remaining allegation in this paragraph of the Amended Complaint.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

## CLARIFICATION REGARDING PATENT EXPIRATION

90. This paragraph of the Amended Complaint does not set forth an allegation that requires an admission or denial. To the extent a response is necessary, Roku denies the allegations in this paragraph of the Amended Complaint.

## [PLAINTIFF'S] JURY DEMAND

Roku admits that Plaintiff has demanded a trial by jury.

## PRAYER FOR RELIEF

Roku denies that Plaintiff is entitled to any relief from Roku, whether sought in the Prayer for Relief or otherwise. Plaintiff's Prayer for Relief should, therefore, be denied in its entirety and with prejudice, and Plaintiff should take nothing from Roku.

## DEFENSES AND AFFIRMATIVE DEFENSES

Roku asserts the following defenses and affirmative defenses without assuming any burden of proof that rightfully should be placed on Plaintiff. In addition to the defenses described below, Roku specifically reserves all rights to assert additional defenses as additional information becomes available. Furthermore, Roku repeats and incorporates by reference each of its answers in the foregoing paragraphs as if fully set forth herein.

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

Plaintiff fails to allege facts sufficient to state a claim upon which relief may be granted against Roku.

### SECOND DEFENSE
### (NON-INFRINGEMENT)

Roku has not infringed and does not infringe any valid and enforceable claim of the Asserted Patents, either directly or indirectly, either literally or under the doctrine of equivalents.

**THIRD DEFENSE**
**(INVALIDITY)**

Each of the claims of the asserted patents are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37, Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and 112, and judicially created bases for invalidation, such as double patenting. One or more claims of the Asserted Patents are invalid under 35 U.S.C. §§ 102 and 103 because one or more prior art references, including those references listed on the face of the asserted patent, either alone or in combination disclose one or more claims of the asserted patent and/or the alleged inventions claimed therein are obvious to one having ordinary skill in the art in view of the prior art, including but not limited to the prior art listed on the face of the Asserted Patents. Additional prior art that invalidates the asserted claims will be set forth in Roku's invalidity contentions, amendments, and proposed amendments thereto. Roku incorporates its invalidity contentions (to be filed pursuant to the Court's Order Governing Proceedings) herein.

**FOURTH DEFENSE**
**(NOT PATENTABLE SUBJECT MATTER)**

One or more claims of the Asserted Patents are unpatentable for failure to comply with the requirements of 35 U.S.C. § 101.

**FIFTH DEFENSE**
**(PROSECUTION HISTORY ESTOPPEL)**

Plaintiff's claims against Roku are barred, in whole or in part, by the doctrines of prosecution history estoppel and disclaimer, in particular based on statements or arguments made during prosecution of the relevant patent applications.

**SIXTH DEFENSE**
**(EQUITABLE DEFENSES)**

Plaintiff's claims are barred, in whole or in part, by equitable doctrines, including the doctrines of waiver, acquiescence, equitable estoppel, and/or other equitable doctrines.

**SEVENTH DEFENSE**
**(35 U.S.C. § 286)**

Plaintiff's claims against Roku for recovery are barred, in whole or in part, by 35 U.S.C. § 286. For the purposes of this defense, the relevant calculation period for damages—as prescribed by statute—cannot be more than six years prior to the filing of the Plaintiff's August 14, 2020 complaint.

**EIGHTH DEFENSE**
**(35 U.S.C. § 287)**

Plaintiff's claims against Roku for recovery are barred, in whole or in part, by 35 U.S.C. § 287, in particular for failure to comply with the marking statute.

**NINTH DEFENSE**
**(35 U.S.C. § 285)**

Roku has not committed any act of infringement, willful or otherwise, in this District or elsewhere, and the Asserted Patents are invalid, and thus Plaintiff cannot prove that it is entitled to enhanced damages or that this case is otherwise exceptional under 35 U.S.C. § 285.

**TENTH DEFENSE**
**(LIMITATION ON DOCTRINE OF EQUIVALENTS)**

Plaintiff cannot assert the claims of the Asserted Patents under the doctrine of equivalents because the asserted claim scope would encompass or ensnare the prior art. Further, Plaintiff's claims for relief are barred in whole or in part by prosecution history estoppel, claim vitiation, and/or recapture. Plaintiff is estopped, based on statements, representations, and admissions made during the prosecution before the USPTO of the patent applications resulting in the Asserted

Patents, as well as patent applications and proceedings related to the Asserted Patents, from asserting that Roku has infringed, directly or indirectly, one or more claims of the Asserted Patents.

**ELEVENTH DEFENSE**
**(UNENFORCEABILITY BASED ON WAIVER, ESTOPPEL, IMPLIED LICENSE, IMPLIED WAIVER, AND/OR UNCLEAN HANDS FOR FAILURE TO DISCLOSE)**

One or more of the Asserted Patents are unenforceable because of Plaintiff's and/or Plaintiff's predecessors' failure to disclose them to the applicable Standard-Setting Organizations ("SSOs") prior to the voting, approval, and/or publication dates of the applicable standards.

Apurva Mody is a named inventor of the '782, '304, and '458 Patents. Plaintiff alleges that Roku has infringed the '782, '304, and '458 Patents because the accused products support IEEE 802.11n/ac standards. Amended Complaint at ¶¶ 15, 29, 41. Mody is listed as a member of the individual balloting committee that voted on the IEEE 802.11n standard. His participation in the standard-setting process for IEEE 802.11n and 802.11ac came with an obligation to disclose any standards-essential patents. Based on Plaintiff's allegations in this matter, the '782, '304, and '458 Patents are essential to the IEEE 802.11n/ac standards. Upon information and belief, Mody failed to disclose the '782, '304, and '458 Patents prior to the voting, approval, and/or publication dates of IEEE 802.11 n/ac. This constitutes standard-setting misconduct, threatening continued harm to Roku and relevant third parties, rendering at least the '782, '304, and '458 Patents unenforceable.

Similarly, Nokia, the predecessor-in-interest to the '803 Patent, identified numerous Patents as essential to the 802.11 standard, including in relation to the 802.11ac standard, and beam forming technologies which are allegedly a contribution of the '803 Patent adopted by the 802.11ac standard. For example, Nokia made standards commitments for U.S. Patent Nos. 7,440,760, 8,422,961, and 6,298,035. On information and belief, if the '803 Patent was a standards-essential patent as Plaintiff appears to allege, Plaintiff's predecessor-in-interest intended to commit its

standard essential intellectual property, and would have done so with the ’803 patent if it was in fact standards essential. Further, on information and belief, Nokia representatives participated in the drafting and approval of the 802.11ac standard and failed to disclose the ’802 Patent. This constitutes standard-setting misconduct, threatening continued harm to Roku and relevant third parties, rendering the ’803 Patent unenforceable.

**TWELFTH DEFENSE**
**(LIMITATION ON DAMAGES BASED ON FRAND OBLIGATIONS)**

As set forth above in the Eleventh Defense, which Roku hereby incorporates as if set forth herein, on information and belief, Plaintiff’s claims for monetary relief are limited by its obligation to license the Asserted Patents on fair, reasonable, and non-discriminatory (“FRAND”) terms and conditions pursuant to the relevant rules and intellectual property rights policies of applicable SSOs. For example, at least one inventor of the asserted patents participated in standards setting meetings for the 802.11n standard, and failed to comply with his obligation to notify the standards setting organization and IEEE of his allegedly standards essential technology and patents. Plaintiff’s failure to comply with its FRAND obligations limit the damages, if any, available to Plaintiff in this action.

**THIRTEENTH DEFENSE**
**(LICENSE)**

To the extent that any of Roku’s suppliers have a license under the Asserted Patents, the relief sought by Plaintiff in relation to the Asserted Patents is barred by license and/or under the doctrine of patent exhaustion.

**ADDITIONAL DEFENSES**

Roku reserves all defenses, including affirmative defenses, under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in

equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

**ROKU'S DEMAND FOR JURY TRIAL**

Roku demands a trial by jury of all issues so triable in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Roku respectfully requests that this Court enter Judgement and Order in its favor and against Plaintiff as follows:

A. declaring that Roku has not infringed and does not infringe any valid and enforceable claim of U.S. Patent Nos. 7,088,782, 7,310,304, 7,706,458, and 6,847,803;

B. declaring that the claims of U.S. Patent Nos. 7,088,782, 7,310,304, 7,706,458, and 6,847,803 are invalid;

C. denying all relief that Plaintiff seeks in its Amended Complaint;

D. declaring this case exceptional within the meaning of 35 U.S.C. § 285;

E. awarding Roku its attorneys' fees, costs, and expenses in this action; and

F. awarding Roku such other and further relief as the court deems just and proper.

Date: December 14, 2020

Respectfully submitted,

/s/ *David N. Deaconson*

David N. Deaconson
Texas Bar Card No. #05673400
Pakis, Giotes, Page & Burleson, P.C.
P.O. Box 58
Waco, TX 76703
(254) 297-7300
deaconson@pakislaw.com

Andrew N. Thomases (*pro hac vice*)
Shrut Kirti, Ph.D. (*pro hac vice*)
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303

(650) 617-4090
andrew.thomases@ropesgray.com
shrut.kirti@ropesgray.com

***Attorneys for Defendant, Roku, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Texas, Waco Division, via the CM/ECF system, which will send a notice of filing to all counsel of record who have consented to service by electronic means.

I further certify that I caused copies of the foregoing document to be served on December 14, 2020, upon the following in the manner indicated:

Matthew J. Antonelli
matt@ahtlawfirm.com
Zachariah S. Harrington
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
larry@ahtlawfirm.com
Christopher Ryan Pinckney
ryan@ahtlawfirm.com
ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

*VIA ELECTRONIC MAIL*

Stafford Davis
sdavis@stafforddavisfirm.com
Catherine Bartles
cbartles@stafforddavisfirm.com
THE STAFFORD DAVIS FIRM
815 South Broadway Avenue
Tyler, Texas 75701
(903) 593-7000
(903) 705-7369 fax

*VIA ELECTRONIC MAIL*

Attorneys for American Patents LLC

/s/ *David N. Deaconson*
David N. Deaconson