# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ROKU, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 6:20-cv-742-ADA<br><br><br><br>**JURY TRIAL DEMANDED** |

**OPPOSITION TO ROKU'S PARTIAL MOTION TO DISMISS THE FIRST AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. LEGAL STANDARDS FOR MOTIONS TO DISMISS UNDER RULE 12(b)(6) .............. 2

III. ARGUMENT ......................................................................................................................... 3

    A. The FAC Plausibly Pleads Induced Infringement of the '803 Patent ............................ 3

        1. The FAC Pleads Knowledge of the '803 Patent ......................................................... 3

        2. The FAC Pleads Knowledge of Infringement of the '803 Patent ............................. 6

    B. The FAC Plausibly Pleads Contributory Infringement of the '803 Patent ..................... 8

    C. The FAC Plausibly Pleads Willful Infringement of the '803 Patent ............................ 10

IV. IF NECESSARY, THE COURT SHOULD GRANT LEAVE TO AMEND ...................... 12

V. CONCLUSION ................................................................................................................... 13

# **TABLE OF AUTHORITIES**

**CASES**

*Affinity Labs of Texas, LLC v. Blackberry Ltd.*,
   No. W:13-cv-362, 2014 WL 12551207 (W.D. Tex. Apr. 30, 2014) ..........................................5

*American Patents LLC v. Acer Inc.*,
   No. 4:18-cv-697-ALM, Dkt. 35 (E.D. Tex. May 17, 2019) .......................................................4

*American Patents LLC v. AsusTek Computer Inc.*,
   No. 4:18-cv-698-ALM, Dkt. 33 (E.D. Tex. May 17, 2019) .......................................................4

*American Patents LLC v. Hisense Co. Ltd.*,
   4:18-cv-768-ALM, Dkts. 85, 86, 87 (E.D. Tex. May 17, 2019)..................................................4

*American Patents LLC v. HP Inc.*,
   No. 4:18-cv-700-ALM, Dkt. 58 (E.D. Tex. May 17, 2019) .......................................................4

*American Patents LLC v. Huawei Device USA, Inc.*,
   No. 4:18-cv-672-ALM, Dkt. 44 (E.D. Tex. May 17, 2019) .......................................................4

*American Patents LLC v. LG Electronics Inc.*,
   No. 4:18-cv-673-ALM, Dkt. 48 (E.D. Tex. May 17, 2019) .......................................................4

*American Patents LLC v. Panasonic Corporation of North America*,
   No. 4:18-cv-766-ALM, Dkt. 32 (E.D. Tex. May 17, 2019) .......................................................5

*American Patents LLC v. Samsung Electronics America, Inc.*,
   No. 4:18-cv-674-ALM, Dkt. 43 (E.D. Tex. May 17, 2019) .......................................................5

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017)................................................................................................12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...................................................................................................................3

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)...............................................................................................................2, 3

*CoreBrace LLC v. Star Seismic LLC*,
   566 F.3d 1069 (Fed. Cir. 2009)..................................................................................................2

*Ericsson Inc. v. TCL Communication Tech. Holdings, Ltd.*,
   No. 2:15-cv-11-RSP, 2018 WL 2149736 (E.D. Tex. May 10, 2018).................................11, 12

*Finjan, Inc. v. Cisco Sys., Inc.*,
   No. 17-cv-72-BLF, 2017 WL 2462423 (N.D. Cal. Jun. 7, 2017).............................................12

*GIC Strategic Global Inv. Capital, Inc. v. Burger King Eur. GmbH*,
   839 F.3d 422 (5th Cir. 2016) ...............................................................................................12

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011).................................................................................................... 4, 5, 8

*Griggs v. Hinds Junior Coll.*,
   563 F.2d 179 (5th Cir. 1977) ...............................................................................................13

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,
   136 S. Ct. 1923 (2016)................................................................................................. 11, 12

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012)..............................................................................................6

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
   No. 18-452-WCB, 18-826-WCB, 2019 WL 330515 (D. Del. Jan. 25, 2019) ....................11

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
   869 F.3d 1372 (Fed. Cir. 2017).................................................................................. 3, 6, 10

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
   594 F.3d 383 (5th Cir. 2010) ......................................................................................... 2, 10

*Lormand v. US Unwired, Inc.*,
   565 F.3d 228 (5th Cir. 2009) ...................................................................................... 2, 9, 10

*Motiva Patents, LLC v. Sony Corp.*,
   408 F. Supp. 3d 819 (E.D. Tex. 2019)....................................................................4, 5, 6, 8, 9

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   No. 6:19-cv-209-ADA, 2019 WL 3940952 (W.D. Tex. Jul. 26, 2019).............................11, 12

*Potter v. Bexar Cnty. Hosp. Dist.*,
   195 Fed. Appx. 205 (5th Cir. 2006).....................................................................................13

*Script Security Solns. LLC v. Amazon.com, Inc.*,
   170 F. Supp. 3d 928 (E.D. Tex. 2016).............................................................................. 4, 5

*Snow Ingredients, Inc. v. SnoWizard, Inc.*,
   833 F.3d 512 (5th Cir. 2016) .................................................................................................2

*Välinge Innovation AB v. Halstead New England Corp.*,
   No. 16-cv-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018).......................11, 12

*VLSI Tech. LLC v. Intel Corp.*,
   No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019) ..............................................7

*VLSI Tech. LLC v. Intel Corp.*,
   No. 6:19-cv-254-ADA, Dkt. 52 (W.D. Tex. Aug. 6, 2019) .......................................................... 5

**RULES**

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 2, 4, 9, 10

Fed. R. Civ. P. 15(a) .......................................................................................................... 12

Fed. R. Civ. P. 8(a) ......................................................................................................... 2, 10

**TREATISES**

Matthews Ann. Pat. Dig. § 39:11 ........................................................................................ 11

## I. INTRODUCTION

Roku requests partial dismissal of American Patents' First Amended Complaint ("FAC"), Dkt. 19, for failure to state a claim of induced, contributory, and willful infringement solely as to U.S. Patent No. 6,847,803 ("the '803 patent").[1] Roku asserts that the FAC does not adequately plead knowledge of the '803 patent in support of American Patents' induced infringement claim; that the complaint does not adequately plead contributory infringement; and that American Patents' willfulness claim fails because it does not plead an "egregious" act.

The Court should reject each of these challenges. As to indirect infringement, the FAC plausibly alleges pre-expiration knowledge of the '803 patent based on a theory of willful blindness. The FAC's allegations raise a plausible inference of willful blindness to the infringement of the '803 patent as well as specific intent to induce infringement. And American Patents plausibly pleaded the elements of contributory infringement by identifying specific features of the accused instrumentalities involved in the infringement, including that these features have no substantial, noninfringing uses, and provided examples of such features. These allegations provide fair notice of American Patents' claims against Roku and the grounds on which they rest, putting Roku on notice as to what it must defend.

The Court should also reject Roku's challenge to American Patents' willfulness allegations. As the Federal Circuit and multiple district courts—including this Court—have recognized, "egregiousness" is not an element of willful infringement and need not be pleaded to state a willfulness claim.

---

[1] American Patents filed the FAC to remove any doubt that it seeks judgment and recovery under the '803 patent for acts of infringement occuring after the '803 patent's expiration. *See, e.g.*, Dkt. 19 ¶ 90.

## II.    LEGAL STANDARDS FOR MOTIONS TO DISMISS UNDER RULE 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is a "purely procedural question," so the Federal Circuit applies the law of the regional circuit. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009). In the Fifth Circuit, such motions "are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (internal quotations omitted).

Rule 8(a) requires only a "short and plain statement of the claim" sufficient to give the defendant fair notice of what act is being accused. Fed. R. Civ. P. 8(a). In deciding a motion to dismiss for failure to state a claim, the Court must accept all well-pleaded factual allegations as true and interpret the complaint in the light most favorable to the plaintiff. *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016). Courts are generally "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Despite the facial simplicity of these requirements, the Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), that the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The plausibility standard, however, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In general, the standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 545.

**III.    ARGUMENT**

Roku's motion to dismiss asserts that American Patents' FAC does not adequately plead aspects of indirect infringement (induced and contributory) and willful infringement of the '803 patent. Roku is wrong on all counts.

**A.    The FAC Plausibly Pleads Induced Infringement of the '803 Patent**

To plead a claim for induced infringement, a complaint must allege knowledge of the patent and intent to infringe. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1380 (Fed. Cir. 2017). Roku argues that the FAC's induced infringement allegations are deficient for failure to meet the knowledge requirement. *See* Mot. at 7-10. But Roku is incorrect, because the FAC plausibly pleads a claim for induced infringement under a theory of willful blindness. This allegation is not limited to the post-expiration time period, nor does it rely on knowledge of the patent after the lawsuit was filed, so the pre- and post-expiration distinction Roku attempts to draw is a non-issue. *See* Mot. at 7.[2]

   1.    ***The FAC Pleads Knowledge of the '803 Patent***

The FAC's allegation of willful blindness is sufficient to plead knowledge of the '803 patent prior to its expiration. The relevant allegation states:

> Furthermore, Roku has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of American Patents' patent rights. *See, e.g.*, M. Lemley, "Ignoring Patents," 2008 Mich. St. L. Rev. 19 (2008).

Dkt. 19 ¶ 83. In *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011), the Supreme Court explained that "a willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known

---

[2] As explained *supra* n.1, nowhere does American Patents allege that conduct occurring after expiration of the '803 patent subjects Roku to infringement liability.

3

the critical facts." *Id.* at 769.  The FAC meets the *Global-Tech* standard by alleging deliberate conduct in the form of a policy of not reviewing patents, including the affirmative act of instructing employees to not review the patents of others.

Courts have found as much on multiple occasions, upholding substantially identical allegations against similar Rule 12(b)(6) attacks.  *See Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819 (E.D. Tex. 2019); *Script Security Solns. LLC v. Amazon.com, Inc.*, 170 F. Supp. 3d 928 (E.D. Tex. 2016) (Bryson, Cir. J., sitting by designation).[3]  The *Motiva* decision in particular provides a thorough analysis of the *Global-Tech* standard, and its allegations mirror those in the FAC much more closely than the allegations in the case on which Roku relies.  *See* Mot. at 8 (citing *VLSI Tech. LLC v. Intel Corp.*, No. 6:19-cv-254-ADA, Dkt. 52 (W.D. Tex. Aug. 6, 2019)).[4]

---

[3] In addition to these published decisions, courts have denied motions to dismiss substantially similar willful blindness allegations in a number of additional cases.  *See American Patents LLC v. Acer Inc.*, No. 4:18-cv-697-ALM (E.D. Tex.) at Dkts. 16 (Jan. 3, 2019) (motion to dismiss), 35 (May 17, 2019) (order denying motion); *American Patents LLC v. AsusTek Computer Inc.*, No. 4:18-cv-698-ALM (E.D. Tex.) at Dkts. 17 (Jan. 11, 2019) (motion to dismiss), 33 (May 17, 2019) (order denying motion); *American Patents LLC v. Hisense Co. Ltd.*, 4:18-cv-768-ALM (E.D. Tex.) at Dkts. 49 (Jan. 18, 2019) (motion to dismiss as to Best Buy defendants), 63 (Feb. 12, 2019) (motion to dismiss as to Sharp Corporation), 65 (Feb. 12, 2019) (motion to dismiss as to TPV defendants), 85 (May 17, 2019) (order denying motion of Best Buy Defendants), 86 (May 17, 2019) (order denying motion of Sharp Corporation), 87 (May 17, 2019) (order denying motion of TPV defendants); *American Patents LLC v. HP Inc.*, No. 4:18-cv-700-ALM (E.D. Tex.) at Dkts. 15 (Dec. 21, 2018) (motion to dismiss), 58 (May 17, 2019) (order denying motion); *American Patents LLC v. Huawei Device USA, Inc.*, No. 4:18-cv-672-ALM (E.D. Tex.) at Dkts. 19 (Dec. 27, 2018) (motion to dismiss), 44 (May 17, 2019) (order denying motion); *American Patents LLC v. LG Electronics Inc.*, No. 4:18-cv-673-ALM (E.D. Tex.) at Dkts. 24 (Dec. 28, 2018) (motion to dismiss), 48 (May 17, 2019) (order denying motion); *American Patents LLC v. Panasonic Corporation of North America*, No. 4:18-cv-766-ALM (E.D. Tex.) at Dkts. 18 (Jan. 14, 2019) (motion to dismiss), 32 (May 17, 2019) (order denying motion); *American Patents LLC v. Samsung Electronics America, Inc.*, No. 4:18-cv-674-ALM (E.D. Tex.) at Dkts. 23 (Dec. 27, 2018) (motion to dismiss), 43 (May 17, 2019) (order denying motion).

[4] The other case Roku cites, *Affinity Labs of Texas, LLC v. Blackberry Ltd.*, No. W:13-cv-362, 2014 WL 12551207, at *3 (W.D. Tex. Apr. 30, 2014), is wholly inapposite.  As Roku itself

In *Motiva*, the court concluded that nearly identical allegations described two affirmative acts of willful blindness, "each of which is ***independently sufficient*** to satisfy the plausibility standard under *Twombly*." 408 F. Supp. 3d at 833 (emphasis added). First, "***[c]reating a policy*** prohibiting review of patents is a specific kind of 'deliberate action[] to avoid learning' of potential infringement." *Id.* (citing *Global-Tech*, 563 U.S. at 768) (emphasis added). Second, the alleged act of "***instructing*** its employees to not review the patents of others" amounts to "specific acts to implement and enforce [Defendant's] policy of willful blindness." *Id.* at 834 (emphasis added). As the court explained, "[e]ither factual allegation—the ***existence*** of the policy or its ***implementation*** in the form of specific acts of willfully blind conduct—is sufficient to state a claim at the pleading stage. Taken together, the combination of allegations more than suffices [] "'to cross the federal court's threshold.'" *Id.* (emphasis in original; quoting *Script Security Solutions*, 170 F. Supp. 3d at 935); *see also Script Security Solutions*, 170 F. Supp. 3d at 937-38 ("Taking all inferences in Script's favor, it has pleaded that the defendant took an affirmative action to avoid gaining knowledge of the patents in suit—ignoring all patents as a matter of policy.").

Roku also asserts that the FAC does not "offer any evidence or factual basis, such as a published Roku corporate policy, that Roku took deliberate actions to avoid learning that the '803 patent existed." Mot. at 8. This is incorrect, as the allegation cites to an article explaining that it is a widely known practice in the technology industry to implement policies as alleged, expressly to avoid liability for willfulness:

> ***Virtually everyone does it.*** They do it at all stages of endeavor. Companies and lawyers tell engineers not to read patents in starting their research, lest their knowledge of the patent disadvantage the company by making it a willful

---

notes, *Affinity Labs* has nothing to do with willful blindness based on the defendant's policy and practice of ignoring patents.

> infringer. . . . This ***intentional ignorance*** of patent rights in the hands of others has led some to label major manufacturers in the IT industries "patent pirates."

Ex. A [M. Lemley, "Ignoring Patents," 2008 Mich. St. L. Rev. 19 (2008)] at 21-22 (emphasis added). Because Roku is a tech company, this allegation provides a factual basis for a plausible inference that Roku has such a policy and implements it for the stated purpose of avoiding liability for willfulness. At the pleading stage, American Patents is entitled to all inferences in its favor.

Further, American Patents need not "offer . . . a published Roku corporate policy" at the pleading stage. *See* Mot. at 8. Roku "ask[s] for too much. There is no requirement for [a patentee] to 'prove its case at the pleading stage.'" *Lifetime Indus., Inc.*, 869 F.3d at 1379 (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)). To require this level of detail "would effectively require[] [American Patents] to prove, pre-discovery, the facts necessary to win at trial." *Motiva*, 408 F. Supp. 3d at 836 n.6 (internal quotations omitted); *see also id.* at 834 ("*Twombly* requires, in the context of willful blindness, no more than an allegation that a specific, willfully-blind policy exists."). Indeed, one would expect such a policy to be non-public and within the possession, custody, or control of Roku. That is why—having plausibly pleaded that such a policy and affirmative practice exists—American Patents should be permitted to proceed to discovery on its induced infringement claim.

        2.    ***The FAC Pleads Knowledge of Infringement of the '803 Patent***

Next, Roku argues that the FAC does not plead knowledge of infringement of the '803 patent. It is not entirely clear whether Roku is referring to the specific intent element of induced infringement, or something different, but in either event, Roku's argument fails.

6

Roku cites to *VLSI Tech. LLC v. Intel Corp.*, No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019), but that case addressed a complaint that alleged the defendant was "willfully blind to *[each] patent's existence*," but never alleged the defendant had been willfully blind to its infringement of the asserted patents. *Id.* at *2 (emphasis in original). In that circumstance, the court determined the complaint did not plausibly allege willful blindness. *Id.* But American Patents' complaint is different from VLSI's. American Patents' FAC alleges that Roku "has been willfully blind of American Patents' patent rights," which raises a plausible inference of knowledge of both the patents' existence and their infringement, and is not limited to knowledge of the asserted patents' "existence." Dkt. 19 ¶ 83.

And that is not all. The existence of Roku's alleged policy itself supports an inference Roku knew of a high probability that it infringed existing patents, including the '803 patent. As explained above, tech companies like Roku instruct their employees not to review patents ***precisely because*** they believe it is highly likely that other entities own patents which they infringe, but they do not want to learn those facts. *See* Ex. A [M. Lemley, "Ignoring Patents," 2008 Mich. St. L. Rev. 19 (2008)] at 21-22, *cited in* Dkt. 19 ¶ 83. The existence and implementation of such a policy supports an inference that Roku subjectively believed in a high probability that patents (including the '803 patent) existed ***and*** that it infringed those existing patents. *See Global-Tech*, 563 U.S. at 766 (recognizing that "persons who know enough to blind themselves to direct proof of critical facts in effect have actual knowledge of those facts").

Moreover, as Roku itself recognizes, the FAC alleges that Roku possessed the requisite specific intent by acting with "knowledge that the induced acts constitute infringement." Mot. at 9 (citing Dkt. 19 ¶¶ 65, 75). But the FAC also alleges that "Roku took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use

7

the products in a manner that infringes one or more claims of the patents-in-suit, including . . . Claim 1 of the '803 Patent." Dkt. 19 ¶ 63; *see also id.* ¶¶ 73, 84, 88. And the complaint alleges specific acts of inducement and classes of information in support of American Patents' inducement claims. *See, e.g.*, Dkt. 19 at ¶¶ 63 ("Such steps by Roku included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner."), 67 ("Roku has also induced its affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on its or its affiliates' behalf, to directly infringe . . . by importing, selling, offering to sell, and/or using the accused products."), 68-74 (describing additional acts); *see also id.* ¶ 54 (incorporating user guides and marketing publications). "[T]he provision of instructions by an accused infringer may indicate specific intent to induce infringement." *Motiva*, 408 F. Supp. 3d at 832. And by "alleging those classes of evidence contain instructions on how to infringe," the complaint "has gone beyond mere speculation." *Id.* at 831-32.

### B. The FAC Plausibly Pleads Contributory Infringement of the '803 Patent

The FAC plausibly pleads a claim of contributory infringement of the '803 patent. First, the allegations meet the knowledge component for the reasons explained above. Second, the complaint alleges that third parties, including end users and customers, infringed the '803 patent. *See, e.g.*, Dkt. 19 ¶¶ 78, 86. Third, as Roku concedes, the complaint alleges that the accused products possess special features that lack substantial noninfringing uses. *See* Dkt. 19 ¶¶ 79 ("The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe . . . the '803

Patent."), 81 ("The special features constitute a material part of the invention of one or more of the claims of . . . the '803 Patent and are not staple articles of commerce suitable for substantial non-infringing use.").

And, contrary to Roku's assertion, the complaint specifically identifies and describes the special features. *Id.* ¶ 80 ("As described above, the special features include improved wireless communication capabilities used in a manner that infringes . . . the '803 Patent."). Roku simply ignores the ample factual allegations describing the accused products' special wireless features. *See, e.g.*, *id.* ¶¶ 54, 56-58. More than this is not required at the pleading stage, "because such detail is likely only to be revealed via discovery." *Motiva*, 408 F. Supp. 3d at 836 n.6.

Because the complaint's allegations indicate that the accused features are especially adapted for infringement, they raise a plausible inference that no substantial noninfringing uses exist. *See id.* ("Having plausibly alleged that [Defendant's] products have a software component that maps upon a claim limitation, the Court finds that [Plaintiff] has also alleged a lack of substantial noninfringing uses." (citing *Lormand*, 565 F.3d at 267)), *see also id.* at 835 ("For purposes of a motion to dismiss under 12(b)(6), a well-pled allegation that an accused product (or its component) has 'no substantial noninfringing uses' is independently sufficient to plead the knowledge element of contributory infringement."). The complaint's allegations easily meet the requirement to plead a plausible claim for contributory infringement. *See Lifetime Indus.*, 869 F.3d at 1381.

Finally and relatedly, Roku's argument purporting to identify non-infringing uses, *see* Mot. at 12, must fail. Here, Roku invites error by presenting factual allegations from outside the FAC and asking the Court to weigh competing sets of facts and inferences at the motion to

dismiss stage.[5] *E.g.*, *Lone Star Fund V (U.S.), L.P.*, 594 F.3d at 387; *Lormand*, 565 F.3d at 267 ("[U]nder Rules 8(a)(2) and 12(b)(6), at the pleading stage, the plaintiff is only required to plead a plausible cause of action; we are not authorized or required to determine whether the plaintiff's plausible inference . . . is equally or more plausible than other competing inferences . . . ."). To the extent Roku wishes to raise a factual dispute regarding substantial non-infringing uses, these allegations belong in its answer, and the parties must have the opportunity to take discovery and present evidence relevant to this claim.

### C. The FAC Plausibly Pleads Willful Infringement of the '803 Patent

The complaint plausibly pleads a claim for willful infringement of the '803 patent.[6] Roku argues that the FAC's willful infringement claim should be dismissed for failure to plead facts describing "egregious" conduct. Mot. at 12-13. But whether infringing conduct was sufficiently "egregious" is not an element of willful infringement at all. "To state a claim for willful infringement, 'a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-209-ADA, 2019 WL 3940952, at *3 (W.D. Tex. Jul. 26, 2019).[7] In articulating this rule, the Court expressly adopted the standard expressed in *Välinge Innovation AB v. Halstead New*

---

[5] Indeed, weighing disputed issues of material fact is not proper even at the summary judgment stage. That is the role of the factfinder, not the Court.

[6] The complaint plausibly alleges knowledge of the '803 patent on a theory of willful blindness as explained above.

[7] Roku does not assert that the complaint fails to meet the standard of *Parity Networks*. Nonetheless, the complaint readily meets this standard. *See, e.g.*, Dkt. 19 ¶¶ 63-66, 73-75, 79, 83-88.

*England Corp.*, No. 16-cv-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)).

In *Välinge Innovation*, the court thoroughly analyzed *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923, 1932 (2016), and concluded that "egregiousness" is not a part of the pleading standard for willful infringement. *Välinge Innovation* has been discussed as a seminal case on this issue. *See* Matthews Ann. Pat. Dig. § 39:11; *see also IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 18-826-WCB, 2019 WL 330515, at *7 (D. Del. Jan. 25, 2019) (Bryson, Cir. J., by designation) ("This Court concludes that there is no requirement that the plaintiff plead additional facts, beyond knowledge of the patent or patents, in order for a claim of willful infringement to survive a motion to dismiss." (citing, *inter alia*, *Välinge Innovation*, 2018 WL 2411218, at *6)).

Instead, "egregiousness" is for the Court to consider in exercising its discretion to enhance damages after the jury's finding of willfulness. *See Ericsson Inc. v. TCL Communication Tech. Holdings, Ltd.*, No. 2:15-cv-11-RSP, 2018 WL 2149736, at *8 (E.D. Tex. May 10, 2018) ("The jury must decide whether the infringement was ***intentional***, and then the court must decide whether the intentional conduct was ***egregious*** enough to justify enhanced damages") (emphasis added), *vacated on other grounds*, 955 F.3d 1317 (Fed. Cir. 2020). *Halo* did state that enhanced damages awards are meant to be a "sanction for egregious infringement behavior." 136 S. Ct. at 1932. But that does not mean egregiousness is an element of willful infringement.

Indeed, "*Halo* emphasized that subjective willfulness alone—i.e., proof that the defendant acted despite a risk of infringement that was either known or so obvious that it should have been known to the accused infringer" is sufficient to establish willfulness and allow the court to consider enhancing damages. *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,

11

876 F.3d 1350, 1371 (Fed. Cir. 2017) (internal quotations omitted).  For that reason, in *Ericsson* the court rejected a defendant's challenge to the jury's willfulness verdict specifically because the defendant's "assumption that a jury's willfulness verdict cannot stand without egregious or shocking infringement behavior is inconsistent with the Federal Circuit's decision in *Arctic Cat*." *Ericsson*, 2018 WL 2149736, at *9.

The case on which Roku relies, *Finjan, Inc. v. Cisco Sys., Inc.*, No. 17-cv-72-BLF, 2017 WL 2462423 (N.D. Cal. Jun. 7, 2017), issued prior to the Federal Circuit's *Arctic Cat* opinion— as well as subsequent district court analyses including *Ericsson*, *Välinge Innovation*, and this Court's *Parity Networks* decision—and thus adds no persuasive value.  Accordingly, under the proper pleading standard for willful infringement, as adopted and articulated by this Court and others, American Patents' FAC plausibly pleads a claim for willful infringement.

## IV.   IF NECESSARY, THE COURT SHOULD GRANT LEAVE TO AMEND

If the Court rules that any of American Patents' claims are not adequately pleaded, American Patents requests an opportunity to amend its complaint to address any deficiencies that the Court finds, including the opportunity to take relevant discovery prior to amendment.  "The court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a); *SGIC Strategic Global Inv. Capital, Inc. v. Burger King Eur. GmbH*, 839 F.3d 422, 428 (5th Cir. 2016) (finding an abuse of discretion for the district court's failure to grant leave to amend and explaining "the language of this rule evinces a bias in favor of granting leave to amend," and "[a] district court must possess a substantial reason to deny a request") (citations and internal quotations omitted).  "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading.  Thus, unless there is substantial reason to deny leave to

amend, the discretion of the district court is not broad enough to permit denial." *Potter v. Bexar Cnty. Hosp. Dist.*, 195 Fed. Appx. 205, 208 (5th Cir. 2006) (internal quotations omitted). Granting leave to amend is especially appropriate when dismissing for failure to state a claim. *Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 180 (5th Cir. 1977).

## V. CONCLUSION

For the foregoing reasons, the Court should deny Roku's motion to dismiss. In the event the Court grants any portion of the motion, American Patents respectfully requests leave to amend the complaint.

Dated: December 23, 2020

Respectfully submitted,

 */s/ Larry D. Thompson, Jr.*
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Christopher Ryan Pinckney
Texas Bar No. 24067819
ryan@ahtlawfirm.com

ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

Stafford Davis
State Bar No. 24054605
sdavis@stafforddavisfirm.com
Catherine Bartles
Texas Bar No. 24104849
cbartles@stafforddavisfirm.com
THE STAFFORD DAVIS FIRM
815 South Broadway Avenue

Tyler, Texas 75701
(903) 593-7000
(903) 705-7369 fax

*Attorneys for American Patents LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of December 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                              */s/ Larry D. Thompson, Jr.*
                                              Larry D. Thompson, Jr.