# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

|  |  |
|---|---|
| AMERICAN PATENTS LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 6:20-cv-742-ADA ) |
| ROKU, INC., | ) ) |
| Defendant. | ) ) ) |

## DEFENDANT ROKU, INC.'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS THE FIRST AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Andrew N. Thomases (*pro hac vice*)
Shrut Kirti, Ph.D. (*pro hac vice*)
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
(650) 617-4090
andrew.thomases@ropesgray.com
shrut.kirti@ropesgray.com

January 11, 2021

David N. Deaconson
Texas Bar Card No. #05673400
Pakis, Giotes, Page & Burleson, P.C.
P.O. Box 58
Waco, TX  76703
(254) 297-7300
deaconson@pakislaw.com

*Attorneys for Defendant Roku, Inc.*

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................1
II. THE FAC MUST BE DISMISSED WITH RESPECT TO THE '803 PATENT ......................................................................................................2
   A. The FAC Fails to Plausibly Allege Roku was Willfully Blind to the '803 Patent ................................................................................2
   B. The FAC Fails to Allege Roku was Willfully Blind to Alleged Infringement of the '803 Patent ......................................................8
III. THE COURT SHOULD NOT GRANT LEAVE TO AMEND ...................10
IV. CONCLUSION..........................................................................................10

-ii-

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                        **Page(s)**

*Ballew v. Continental Airlines, Inc.*,
   668 F.3d 777 (5th Cir. 2012) ...............................................................................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...............................................................................................6

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011)...........................................................................................4, 5

*Motiva Patents, LLC v. Sony Corp.*,
   408 F. Supp. 3d 819 (E.D. Tex. 2019)..............................................................7, 8

*Nonend Inventions, N.V. v. Apple Inc.,* No. 2:15-cv-466, 2016 WL
   1253740 (E.D. Tex. Mar. 11, 2016), *report and recommendation
   adopted*, 2016 WL 1244973 (E.D. Tex. Mar. 30, 2016) ..............................6, 7, 8

*Script Security Solutions L.L.C. v. Amazon.com, Inc.*,
   170 F. Supp. 3d 928 (E.D. Tex. 2016)..................................................................8

*VLSI Tech., LLC v. Intel Corp.*,
   Civil No. 6:19-CV-255, 2019 WL 11025759 (W.D. Tex. Aug. 6,
   2019) .............................................................................................................6, 10

*VLSI Tech. LLC v. Intel Corp.*,
   No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019)...................*passim*

**Statutes**

35 U.S.C. §271(d) ........................................................................................................9

**Other Authorities**

Fed. R. Civ. P. 11 ....................................................................................................1, 8

*Intel Corporation*, Wikipedia.org, https://en.wikipedia.org/wiki/Intel
   (last visited Jan. 8, 2021) .....................................................................................3

*Roku, Inc.*, Wikipedia.org, https://en.wikipedia.org/wiki/Roku,_Inc.
   (last visited Jan. 8, 2021) .....................................................................................3

## I.   INTRODUCTION

American Patents LLC's ("AP") First Amended Complaint (Dkt. 19, "FAC") contains allegations of indirect and willful infringement of the long expired '803 patent that must be dismissed. The FAC contains no allegations that Roku had actual knowledge or notice of the '803 patent before it expired. Nor are there allegations that Roku knew of infringement of that patent before it expired. Instead, the FAC merely alleges that Roku was willfully blind to the existence of the '803 patent. The FAC's sole basis is a 12 year old law review article from which it concludes that Roku has a purported policy of not reviewing patents, but that article predates Roku's accused products and wholly fails to mention Roku. Despite AP's Rule 11 obligations and the fact that AP already faced a motion to dismiss (Dkt. 18) regarding these allegations for failing to provide support, AP continues to provide no other support. Thus, AP has no facts supporting a plausible inference of willful blindness from its conclusory allegation regarding knowledge of the '803 patent, and AP has absolutely no support for another required element of willful blindness – knowledge of infringement of the '803 patent before its expiration.

It would be bad policy to find AP's allegation, predicated on an outdated law review article implicating all technology companies of having a policy of not reviewing patents, sufficient to plead indirect and willful infringement based on willful blindness because it would permit any plaintiff to allege indirect and willful

infringement of any patent against every single technology company without plausible support for its allegations simply because a 12 year old law review article says it might be so.

Moreover, AP's unsupported allegation of willful blindness fails to establish indirect infringement or willful infringement as a matter of law because it does not allege all the required elements for willful blindness – namely, that there existed, prior to expiration, both a subjective belief that there is a high probability of patent infringement and deliberate actions to avoid learning of that particular fact.

In view of AP's failure to provide a plausible basis for its allegations of indirect infringement, contributory infringement, and willful infringement of the '803 patent despite an opportunity to amend its original complaint, these claims should now be dismissed with prejudice.

## II. THE FAC MUST BE DISMISSED WITH RESPECT TO THE '803 PATENT

### A. The FAC Fails to Plausibly Allege Roku was Willfully Blind to the '803 Patent

The '803 patent expired on or before February 25, 2020, well before Roku first received notice via the original complaint (Dkt. 1) filed on August 14, 2020. The FAC's sole basis for alleging indirect and willful infringement of the expired '803 patent is an old law review article that AP interprets as stating that all

technology companies have a policy of patent non-review.[1]  FAC ¶ 83; Dkt. 27 at 5-6.  Without naming specific companies, the law review article states that "companies in component industries simply ignore patents" and that this has "led some to label major manufacturers in the IT industries 'patent pirates.'"  Dkt. 27 (Ex. A) at 21-22.  But Roku is neither in the component industry nor a major manufacturer – it sells its own consumer products and is much smaller than major manufacturers such as Intel.[2]  It is implausible that *every* technology company – large or small, private or public – has such a policy of patent non-review.  The law review article itself acknowledges this.  *Id.* ("[v]irtually everyone" not *all*).  In fact, at the time the law review article was published in 2008, Roku was in its infancy and released its first product that year without the accused functionalities.[3]  There is no basis to allege that the later-developed accused products were developed with a corporate policy of patent non-review.  AP merely speculates.  That is insufficient for pleading willful blindness.

---

[1] The law review article was not attached to either the original complaint or the FAC and was provided for the first time as an exhibit to AP's Opposition to Roku's motion to dismiss.  Dkt. 27.

[2] Roku's 2019 revenue was $1.129 billion whereas Intel's 2019 revenue was $71.9 billion.  *Roku, Inc.*, Wikipedia.org, https://en.wikipedia.org/wiki/Roku,_Inc. (last visited Jan. 8, 2021); *Intel Corporation*, Wikipedia.org, https://en.wikipedia.org/wiki/Intel (last visited Jan. 8, 2021).

[3] Roku was spun out from Netflix in 2008 and its first product (Roku DVP N1000) was released in May 2008.  *Roku, Inc.*, Wikipedia.org, https://en.wikipedia.org/wiki/Roku (last visited Jan. 8, 2021). The accused products identified in the FAC were released no earlier than 2015.  *Id.*

*First*, to hold otherwise would be bad policy. It would open the floodgates and unfairly subject every technology company to claims of indirect and willful infringement predicated on implausible allegations of willful blindness based on an old law review article. Indeed, AP's attorneys admit they have alleged substantially the same implausible allegation of willful blindness based on this law review article against at least 11 other companies. Dkt. 27 at 4 n.3.

*Second*, the FAC fails as a matter of law. Knowledge based on willful blindness exists only where "(1) the defendant . . . subjectively believe[d] that there [was] a high probability that a fact exists and (2) the defendant . . . [took] deliberate actions to avoid learning of that fact." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011). The FAC satisfies neither element of this standard.

To the extent AP argues that the standard for willful blindness requires only deliberate conduct, and not subjective belief, based on the characterization of "a willfully blind defendant" in *Global-Tech* as "one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts," that characterization actually combines the two elements because it explains that deliberate actions are in response to a subjective belief of wrongdoing. *Id*. In concluding that the defendant was willfully blind, the *Global-Tech* Court reasoned that the defendant "subjectively believed there was a high probability" that plaintiff's fryer was patented and that the

defendant took "deliberate actions to avoid knowing that fact." *Id*. Subsequent decisions citing *Global-Tech* similarly quote both elements as part of the willful blindness standard. *E.g., VLSI Tech. LLC v. Intel Corp.*, No. 18-966, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) (finding that a policy of not reviewing patents is insufficient to plead *Global-Tech's* subjective belief element).

With regard to the subjective belief element, the FAC must provide a modicum of a fact showing that Roku (not an unnamed large technology company in 2008) had a subjective belief of, *e.g.*, the existence of the expired '803 patent, which it allegedly avoided learning of by adopting a policy of patent non-review. For example, the defendant in *Global-Tech* had a subjective belief that the patent-in-suit existed at least based on copying an overseas model of the plaintiff's fryer. *Global-Tech*, 563 U.S. 769. The FAC is devoid of any facts showing that Roku subjectively believed that there was a high probability that the '803 patent existed. AP argues that the "existence of Roku's alleged policy itself supports an inference Roku knew of a high probability that it infringed existing patents, including the '803 patent." Dkt. 27 at 7. But AP's logic as to what the existence of such an alleged policy implies is a slippery slope that leads to an absurd result – that Roku knew of a high probability that it infringed every single one of millions of other patents existing worldwide in any field. AP's allegation is pure speculation rather than a

well-pleaded factual allegation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Moreover, regardless of whether the FAC sufficiently alleges *Global-Tech's* subjective belief element, a majority of decisions have held that an allegation of a corporate policy of patent non-review does not per se constitute willful blindness. For example, this district has previously found an allegation of a corporate policy of patent non-review insufficient to plead willful blindness. In *VLSI Tech* (W.D. Tex.), this district dismissed VLSI's claims of indirect infringement based on Intel's alleged willful blindness to the existence of certain patents. *VLSI Tech., LLC v. Intel Corp.*, Civil No. 6:19-CV-255, 2019 WL 11025759, at *1 (W.D. Tex. Aug. 6, 2019) ("The Court finds that Intel's policy that forbids its employees from reading patents held by outside companies or individuals is insufficient to meet the test of willful blindness."). That holding applies here. Indeed, Roku's motion to dismiss (Dkt. 23 at 8) cited this *VLSI* decision, but AP's Opposition (Dkt. No. 27) did not even attempt to distinguish its holding.

The Eastern District of Texas and the District of Delaware similarly found an allegation of a corporate policy of patent non-review insufficient to plead willful blindness. In *Nonend*, the Eastern District of Texas held that a "policy of asking its employees to ignore patents and patent applications does not per-se constitute 'willful blindness'" and that "more must be alleged to show a policy of ignoring

patents caused an alleged infringer's actions to 'surpass recklessness and negligence' and rise to the level of 'willful blindness.'" *Nonend Inventions, N.V. v. Apple Inc.*, No. 2:15-cv-466, 2016 WL 1253740, at *3 (E.D. Tex. Mar. 11, 2016), *report and recommendation adopted*, 2016 WL 1244973 (E.D. Tex. Mar. 30, 2016) (quoting *Global-Tech*, 563 U.S. at 769).[4] And in *VLSI Tech* (D. Del.), where the complaint alleged that Intel was "willfully blind to the existence of the '552 Patent based on for example, its publicly-known corporate policy forbidding its employees from reading patents held by outside companies or individuals," the District of Delaware held that "there is no allegation in the complaint from which it could be plausibly inferred that Intel subjectively believed that there was a high probability that the '552 patent existed; and thus there is no basis from which to conclude that Intel was willfully blind to the '552 patent's existence." *VLSI Tech*, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019). AP's allegations here are even weaker, failing to point to any specific "publicly-known corporate policy" and relying, instead, on an outdated law review article generally discussing technology companies predating Roku.

AP's reliance on the *Motiva* decision is misplaced because *Motiva* is readily distinguishable. *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819 (E.D. Tex.

---

[4] To the extent AP argues that the *Nonend* decision is not persuasive because it was not published, unpublished district court decisions are persuasive authority. *See Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 782 n.2 (5th Cir. 2012) (relying on unpublished decision because it "represent[ed] a reasoned opinion . . . on the same general facts").

2019). The *Motiva* decision does not appear to address the subjective belief element of *Global-Tech's* willful blindness standard. *Id.* (in finding that creating and implementing a policy prohibiting review of patents are deliberate actions with regard to the knowledge of the asserted patents based on willful blindness, the decision does not discuss the subjective belief element). Moreover, contrary to the present case where the FAC failed to provide a Rule 11 basis for its willful blindness allegations even after Roku requested such support in its motion to dismiss (Dkt. 18), the plaintiff in *Motiva* lacked such notice.[5]

### B. The FAC Fails to Allege Roku was Willfully Blind to Alleged Infringement of the '803 Patent

The FAC also fails to plead facts showing that Roku had knowledge of alleged infringement of the '803 patent, a separate element of willful blindness. The FAC alleges that "Roku has a policy or practice of not reviewing the ***patents*** of others . . . and thus has been willfully blind of American Patents' ***patent rights***." FAC ¶ 83 (emphasis added). Contrary to AP's conclusory assertion that this allegation "raises a plausible inference of knowledge of both the patents' existence and their infringement," alleged willful blindness to "patents" and "patent rights" does not imply an intent to infringe patents or patent rights or to be willfully blind to

---

[5] To the extent *Script Security Solutions L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928 (E.D. Tex. 2016) holds otherwise with respect to the willful blindness standard, this Court should follow its more recent precedent in *VLSI Tech* (W.D. Tex.) or the more recent, and better-reasoned, decision in *Nonend*.

infringement. Dkt. 27 at 7. The very law review article on which the FAC's allegation of willful blindness rests extensively discusses ownership of patent rights like real property. Dkt. 27 (Ex. A) at 23 ("patent rights as a form of property, and in particular to draw analogies to real property"), 25 ("a party legitimately owned patent rights"), 29 n.40 ("validity and scope of patent rights"), 32 ("nature and scope of patent rights"). Knowledge of the existence of patent rights does not result in knowledge of infringement of those patent rights (which is a separate inquiry altogether). *E.g.,* Dkt. 27 (Ex. A) at 24 ("conducted an exhaustive search for patents it might infringe"); 35 U.S.C. §271(d) (distinguishing patent rights from infringement of those patent rights).

AP contends that Roku's cite to *VLSI Tech* (D. Del.), holding that the complaint did not plausibly allege willful blindness is unavailing because the complaint in that case "never alleged the defendant had been willfully blind to its infringement of the asserted patents." Dkt. 27 at 7. But as discussed above, the FAC similarly fails to plead any facts showing that Roku was willfully blind to alleged infringement of the '803 patent.

The FAC's allegations that Roku took active steps with "specific intent to cause them to use the accused products in a manner that infringes one or more claims of the patents-in-suit, including . . . Claim 1 of the '803 Patent" are also insufficient. FAC ¶ 63; *see also id.* ¶¶ 73, 84, 88. Roku did not have any intent to infringe the

expired '803 patent because it did not have any knowledge (actual or through willful blindness) of the '803 patent, as discussed in §II.A above.

### III. THE COURT SHOULD NOT GRANT LEAVE TO AMEND

Granting leave to amend is futile. Despite receiving notice (Dkt. 18) of the deficiencies in the original complaint, AP failed to correct those deficiencies in the FAC by failing to plead any plausible facts showing that Roku had any knowledge (actual or through willfully blindness) of the existence of or the infringement of the expired '803 patent. Given that Roku has filed two motions to dismiss (Dkt. 18 and Dkt. 23) on the same issue – AP's failure to sufficiently plead its allegations of willful blindness – the FAC should be dismissed with prejudice with respect to the '803 patent. While this Court dismissed VLSI's claims of indirect infringement without prejudice to refiling the claims after discovery in *VLSI Tech* (W.D. Tex.), that case is distinguishable. *VLSI Tech*, 2019 WL 11025759, at *1 (W.D. Tex. Aug. 6, 2019). There, VLSI's original complaint, and not an amended complaint (as here), was at issue.

### IV. CONCLUSION

For the reasons stated above, Roku respectfully requests that AP's claims for induced, contributory, and willful infringement with respect to the '803 patent be dismissed with prejudice.

-11-

Date: January 11, 2021

*/s/ David N. Deaconson*
David N. Deaconson
Texas Bar Card No. #05673400
Pakis, Giotes, Page & Burleson, P.C.
P.O. Box 58
Waco, TX  76703
(254) 297-7300
deaconson@pakislaw.com

Andrew N. Thomases (*pro hac vice*)
Shrut Kirti, Ph.D. (*pro hac vice*)
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
(650) 617-4090
andrew.thomases@ropesgray.com
shrut.kirti@ropesgray.com

*Attorneys for Defendant Roku, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Texas, Waco Division, via the CM/ECF system, which will send a notice of filing to all counsel of record who have consented to service by electronic means.

I further certify that I caused copies of the foregoing document to be served on January 11, 2021, upon the following in the manner indicated:

Matthew J. Antonelli                                                                 *VIA ELECTRONIC MAIL*
matt@ahtlawfirm.com
Zachariah S. Harrington
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
larry@ahtlawfirm.com
Christopher Ryan Pinckney
ryan@ahtlawfirm.com
ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000


Stafford Davis                                                                            *VIA ELECTRONIC MAIL*
sdavis@stafforddavisfirm.com
Catherine Bartles
cbartles@stafforddavisfirm.com
THE STAFFORD DAVIS FIRM
815 South Broadway Avenue
Tyler, Texas 75701
(903) 593-7000
(903) 705-7369 fax

Attorneys for American Patents LLC

                                                                          /s/ David N. Deaconson
                                                                          David N. Deaconson